FILED

NOT FOR PUBLICATION

FEB 12 2013

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DERRIS HURTH,

Defendant - Appellant.

No. 11-50229

D.C. No. 2:09-cr-00292-GAF-3

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Argued and Submitted January 9, 2013
Pasadena, California

Before:    GOODWIN and W. FLETCHER, Circuit Judges, and KORMAN,
Senior District Judge.[**]

Derris Hurth appeals his convictions for conspiracy to possess with intent to

distribute cocaine, 21 U.S.C. §§ 841(b)(1)(A)(ii), 846; conspiracy to interfere with

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Edward R. Korman, Senior United States District
Judge for the Eastern District of New York, sitting by designation.

commerce by robbery, 18 U.S.C. § 1951; and use or carrying a firearm during a drug trafficking offense, 18 U.S.C. § 924(c). There was sufficient evidence to support Hurth's convictions. The record indicates that Hurth's co-conspirator knew the amount and type of drug involved in the reverse-sting operation, and that the co-conspirator discussed "the deal" with Hurth. In any event, the government is not required to prove a specific intent to possess and distribute a specific drug or quantity of drug to sustain a conviction. *United States v. Carranza*, 289 F.3d 634, 644 (9th Cir. 2002); *see also United States v. Nelson*, Nos. 10-50411 & 10-50412, 2012 U.S. App. LEXIS 4748 (9th Cir. Mar. 7, 2012) (mem.) (finding that Hurth's co-conspirators had sufficient specific intent to support their convictions).

The district court did not err in denying Hurth's motion to dismiss for outrageous government conduct. Even if the claim was not waived, the activities here do not rise to such a level that they are "shocking to the universal sense of justice[] mandated by the Due Process Clause of the Fifth Amendment." *United States v. Russell*, 411 U.S. 423, 432 (1973) (internal quotation marks and citation omitted).

Nor did the district court err in refusing to give Hurth an adverse-inference jury instruction. The district court did not apply the balancing test required in this circuit to determine whether sanctions are appropriate where the government failed

2

to preserve potentially exculpatory evidence. *United States v. Flyer*, 633 F.3d 911, 916 (9th Cir. 2011). But Hurth cannot succeed under that balancing test in any event. Even if the government was negligent or reckless in failing to preserve video evidence, Hurth failed to meet his burden to show that this conduct prejudiced him. Hurth does not dispute that he stated on audio tape that he already knew "the deal" and was intending "to get down." Even if the government's video evidence would have shown that Hurth did not get out of his car before the police intervened, that evidence would not have significantly undercut Hurth's statements indicating his willingness to undertake the robbery.

Finally, we are not convinced that the district court erred by allowing a government agent to offer opinion testimony concluding that the participants knew about the planned home invasion. If it was an error, it was harmless beyond a reasonable doubt because there was other evidence on the record suggesting that Hurth knew about the robbery. *See United States v. Seschillie*, 310 F.3d 1208, 1214 (9th Cir. 2002).

**AFFIRMED.**

3